UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYLO FIGUEREDO SIMON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX, *et al.*,<br><br>Respondents. | Case No.   1:26-cv-05030 (EJD)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. Nos. 1, 3 |

This habeas action concerns the detention of Petitioner Daylo Figueredo Simon.  Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2)(A) as mandating detention for all noncitizens present in the United States without admission, Petitioner was re-detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. *See* Dkt. Nos. 1, 3. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus, and resolves the motion for temporary restraining order as moot.[1]

## I.   BACKGROUND

Petitioner is a citizen of Cuba who entered the United States on or about March 8, 2024. Dkt. No. 1 ¶ 26. Upon entry, Petitioner was detained and then released by U.S. Customs and Board Protection on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id*. ¶ 27. Following his release, Petitioner has lived at liberty in the United States and claims to have

---

[1] In setting a briefing schedule on the petition for writ of habeas corpus and motion, the court informed the parties that it intended to rule on both the petition and motion together. *See* Dkt. No. 6.  Neither party objected.

Case No.: 1:26-cv-05030-EJD

followed all conditions of his release—a contention which Respondents do not dispute. *Id*. ¶¶ 28–29. Petitioner was re-detained by U.S. Immigration and Customs Enforcement on May 19, 2026 following a routine traffic stop. *Id*. ¶ 30. This habeas petition followed.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner argues that the revocation of his liberty without any showing by the Government that he is a flight risk or danger to the community violates his due process rights under the Fifth Amendment. *See* Dkt. No. 1 ¶¶ 50–53. [2] In response, Respondents contend that Petitioner's due process claim should be rejected because he may be mandatorily detained under 8 U.S.C. § 1225 (b)(2)(A). Dkt. No. 7 at 3–4. Courts throughout this Circuit have already concluded that noncitizens paroled into the country under § 1182(d)(5)(A)—as Petitioner was here—still maintain due process rights to challenge their re-detention as the government's decision to re-detain the noncitizen "does not explain why [immigration authorities] found Petitioner to be

_____

[2] Petitioner also asserts that the revocation of his parole and re-detention violates the Administrative Procedure Act. *See* Dkt. No. 1 ¶¶ 54–60. Because Petitioner's due process claim entitles him to full relief—i.e., release from detention—the Court declines to consider the APA claim.

Case No.: 1:26-cv-05030-EJD

eligible for parole [when they released him a year earlier], but not the following year even after he had established deep ties to the community ... and timely filed an asylum application." *Ramirez Tesara v. Wamsley*, 800 F.Supp.3d 1130, 1137 (W.D. Wash. 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1103 (E.D. Cal. 2026). The court reaches the same conclusion here.

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### A.      Liberty Interest

A protected liberty interest may arise from a conditional release from physical restraint. *Young v. Harper*, 520 U.S. 143, 147–49 (1997). Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute.  *See id.* (Due Process requires hearing before revocation of preparole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (same, in parole context).

Courts throughout the Ninth Circuit have found that noncitizens paroled into the country under § 1182(d)(5)(A) obtain a liberty interest in their continued freedom.  *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562, at *5 (E.D. Cal. Nov. 10, 2025); *R.A.N.O.*, 820 F. Supp. 3d at 1103.  Respondents argue that Petitioner's re-detention was lawful because that parole expired. Dkt. No. 7 at 2, However, Petitioner's "liberty interest d[oes] not expire along with parole." *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025). Even though "ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). The

Case No.: 1:26-cv-05030-EJD

same is true for Petitioner here. By previously releasing Petitioner, he maintains a protected liberty interest in his continued freedom.

### B. *Mathews* Factors

Turning next to what process is due, many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings. During that time, he has been allowed to live at liberty in the United States. "[His] detention denies [him] that freedom." *Omer G.G.*, 815 F. Supp. 3d at 1111.

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. And Respondents have not argued that Petitioner is dangerous or would be a flight risk. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

Case No.: 1:26-cv-05030-EJD

United States District Court
Eastern District of California

The final *Mathews* factor also weighs in Petitioner's favor. Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must first provide Petitioner with a hearing. *Ortega*, 415 F. Supp. 3d at 970.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED.  IT IS HEREBY ORDERED that:

1.    Respondents immediately release Petitioner Daylo Figueredo Simon from their custody.

2.    Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.    If the Government seeks to re-detain Petitioner, it must provide no less than seven days' notice to Petitioner and must hold a pre-deprivation bond hearing where the Government bears the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or danger to the community.

4.    This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

5.    The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

Dated: July 9, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 1:26-cv-05030-EJD

United States District Court
Eastern District of California